David S. Preminger (DP 1057)
Rosen Preminger & Bloom LLP
708 Third Avenue, Suite 1600
New York, New York 10017
(212) 682-1900

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
JOSEPH V. FISHER,

                Plaintiff,

       -against-                                  **COMPLAINT**

THE PENN TRAFFIC COMPANY, BYRON E.       No. 06 CV 5848 (HB)
ALLUMBAUGH, RICHARD P. BRENNAN,
KEVIN P. COLLINS, JAMES A. DEMME,           (ECF CASE)
MATTHEW GLASS, ROBERT HOCKETT,
RICHARD D. HOLIHAN, JR., PETER L. ZURKOW,
JOHN DOES NOS. 1-5, BERNADETTE RANDALL-BARBER
and JANE ROES NOS. 1-5,

                Defendants.
-------------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.     This is an action by Plaintiff, Joseph V. Fisher, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*., for breach of fiduciary duty by defendants in refusing to pay him the lump sum pension benefit to which is entitled as a participant in The Penn Traffic Company Cash Balance Pension Plan (the "Plan").

## II.    JURISDICTION AND VENUE

2.     This action is brought by plaintiff pursuant to §§ 502(a)(2) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (a)(3). This Court has subject matter jurisdiction

pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).  This Court has supplemental jurisdiction over any other claim pursuant to 28 U.S.C. § 1367(a).

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 58 of the Federal Rules of Civil Procedure.

4. Venue is based on ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

### III.  PARTIES

5. Plaintiff, Joseph V. Fisher is a natural person residing in the state of Massachusetts.

6. Defendant The Penn Traffic Company (the "Company"), at all times pertinent hereto, was the sponsor of the Plan within the meaning of ERISA § 3(16)(B)(i), 29 U.S.C.§ 1002(16)(B)(i), the Administrator of the Plan within the meaning of ERISA § 3(16)(A)(i), 29 U.S.C.§ 1002(16)(A)(i), and the Named Fiduciary of the Plan within the meaning of ERISA § 402(a)(2), 29 U.S.C.§ 1102(a)(2).  As such, at all times pertinent hereto, the Company was a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C.§ 1002(3)(21)(A).

7. Defendants Byron E. Allumbaugh, Richard P. Brennan, Kevin P. Collins, James A. Demme, Matthew Glass, Robert Hockett, Richard D. Holihan, Jr., Peter L. Zurkow, and John Does Nos. 1-5 (whose names are currently unknown to Plaintiff) were, at all times pertinent hereto, members of the Board of Directors of the Company (the "Board").  These members of the Board acted in a fiduciary capacity with respect to Plaintiff's application for benefits at issue herein and, therefore, acted as fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C.§ 1002(3)(21)(A).

8. Defendants Bernadette Randall-Barber and Jane Roes Nos. 1-5 (whose names are currently unknown to Plaintiff) were, at all times pertinent hereto, members of the Administration Committee of the Plan (the "Committee"). The Plan delegates to the members of the Committee certain powers and duties, *inter alia*, exclusive authority to decide claims for benefits, including the amount of benefits, and interpretation of the Plan's terms. As such, the members of the Committee were at all times pertinent hereto fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C.§ 1002(3)(21)(A).

## IV. FACTS

9. Plaintiff is a former employee of the Company. having resigned in early August, 2003. Plaintiff is and, at all times pertinent hereto, was a participant in and beneficiary of the Plan within the meaning of ERISA §§ 3(7), (8), 29 U.S.C.§§ 1002(7), (8), with a vested right to benefits from the Plan.

10. Pursuant to the provisions of the Plan, Plaintiff filed an application for benefits on August 15, 2003, on the form provided by the Plan for that purpose and checked the box on that form indicating that he was electing that his benefits be paid in the form of a lump sum, a form of benefit offered by the Plan.

11. By letter dated October 17, 2003 (the "Denial Letter"), the Committee informed Plaintiff that his application for a lump sum was denied but indicated that payments in the form of a monthly annuity would commence should Plaintiff so elect. Plaintiff did not so elect.

12. The Denial Letter failed to comply with the requirements of 29 C.F.R. § 2960.503-1(g), (h).

13. Despite the fact that the Committee had sole authority under the Plan to make benefit determinations, it did not do so here. The decision to deny Plaintiff's application was made by the Board and adopted by the Committee.

14. If the Committee purports to have delegated authority to the Board to make this decision, any such delegation was not, upon information and belief, effected in conformance with the Plan's procedures for delegation of fiduciary responsibilities.

15. By timely letter from counsel dated November 3, 2003, supplemented by letter from counsel dated November 17, 2003, Plaintiff appealed the denial of a lump sum benefit.

16. No response was ever provided to Plaintiff with respect to his appeal.

17. While it is Plaintiff's position that exhaustion of the Plan's claims procedures was not required with respect to the claims Plaintiff asserts herein, Plaintiff has both exhausted the Plan's claims procedures in fact and is deemed to have exhausted those procedures (29 C.F.R. § 2560.503-1(*l*)).

## V.   CLAIMS FOR RELIEF

**First Claim for Relief (ERISA §§ 404(a)(1) and 502(a)(2),
29 U.S.C. §§ 1104(a)(1) and 1132(a)(2))**

18. Plaintiff repeats and realleges the contents of paragraphs 1-17 above as if fully set forth herein.

19. Typically, the Plan paid lump sum benefits within two (2) weeks of the filing of an application by a participant.

20. At the time Plaintiff applied for benefits, the Plan was underfunded and the Company had been informed that, at some point in the future, it might want to

4

terminate the Plan in a distress termination so that the Pension Benefit Insurance Company ("PBGC") would assume the Plan's assets and liabilities.

21. Nonetheless, the Plan had adequate resources to pay Plaintiff his lump sum benefit.

22. At its meeting on September 29, 2003, the Board passed a resolution to terminate the Plan.

23. Nonetheless, the Committee processed other Plan participants' applications for benefits, including lump sum benefits, and caused the Plan to pay such benefits, both before and after the Board's decision to terminate the Plan.

24. Upon the filing of an application for a distress termination, the PBGC does not immediately assume responsibility for a plan. Typically there are negotiations and even litigation over issues including the appropriate date of termination. Often, the PBGC pursues a claim against a plan sponsor for a plan's unfunded liability.

25. Because the Plan's assets and liabilities have now been assumed by the PBGC, which is prohibited by statute from paying benefits in the form of a lump sum even if a plan provides for such a benefit payment, Plaintiff can not receive the lump sum benefit to which he is entitled and may receive a lower annuity than provided for by the terms of the Plan if Plaintiff's annuity is in excess of PBGC limits.

26. Accordingly, defendants, and each of them, violated their fiduciary duties under ERISA, inter *alia*, in the following respects:

    a. the Committee failed to act on Plaintiff's application on a timely basis in accordance with past practice and the terms of the Plan;

    b. the members of the Committee failed to resign and continued to process the pension applications of other Plan participants while Plaintiff's application was held in abeyance pending a decision by the Board;

    c. the Company (including the Board) failed to remove the members of the Committee for refusing/failing to act on Plaintiff's application;

    d. the Committee *de facto* improperly delegated its authority to determine Plaintiff's application to the Board;

    e. the Board accepted the Committee's *de facto* improper delegation of its authority to determine Plaintiff's application;

    f. the Board refused/failed to act on Plaintiff's application until after its September 29, 2006 decision to terminate the Plan.

  27. Upon information and belief, defendants' foregoing actions were all effected in order to protect the Company's financial position rather than providing Plaintiff with the benefit to which he was entitled and thus constitute breaches of their fiduciary duties *inter alia* under ERISA § 404(a)(1), 29 U.S.C.§ 1104(a)(1), which requires fiduciaries to "discharge [their] duties solely in the interest of the participants and beneficiaries."

  28. As such, pursuant to ERISA § 502(a)(2), 29 U.S.C.§ 1132(a)(2), Plaintiff is entitled to appropriate equitable or remedial relief for defendants' breaches of fiduciary duty.

### Second Claim for Relief (ERISA §§ 404(a)(1) and 502(a)(3), 29 U.S.C. §§ 1104(a)(1) and 1132(a)(3))

  29. Plaintiff repeats and realleges the contents of paragraphs 1-27 above as if fully set forth herein.

30. Plaintiff has no adequate remedy at law.

31. Alternatively, pursuant to ERISA § 502(a)(3), 29 U.S.C.§ 1132(a)(3), Plaintiff is entitled to appropriate equitable relief for defendants' breaches of fiduciary duty.

### Third Claim for Relief (ERISA §§ 406(b)(1), (2) and 502(a)(2), (3) 29 U.S.C. §§ 1106(b)(1), (2) and 1132(a)(2), (3))

32. Plaintiff repeats and realleges the contents of paragraphs 1-27 and 29-30 above as if fully set forth herein.

32. In violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), the Company (including the Board) engaged in a prohibited transaction by acting "deal[ing] with the assets of the [P]lan in [its] own interest or for [its] own account."

33. In violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), defendants engaged in a prohibited transaction by acting "in [a] transaction involving the [P]lan on behalf of a party (the Company) whose interests are adverse to the interests of the [P]lan['s] participants and beneficiaries."

34. As such, pursuant to ERISA §§ 502(a)(2), (3), 29 U.S.C.§§ 1132(a)(2), Plaintiff is entitled to appropriate equitable or remedial relief for defendants' breaches of fiduciary duty.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor as follows:

1. declaring that defendants, and each of them, violated his/her fiduciary duties by failing to provide him with a lump sum benefit;

2. declaring the amount of the lump sum benefit to which Plaintiff is entitled;

7

    3.    granting Plaintiff judgment against the defendants, jointly and severally, for the amount of his lump sum benefit together with appropriate interest thereon;

    4.    awarding Plaintiff his costs and attorney's fees herein; and,

    5.    awarding Plaintiff such other and further relief as to this Court may seem just and proper.

Dated:    New York NY                      Respectfully submitted,
             July 31, 2006                 Rosen Preminger & Bloom LLP
                                                      Attorneys for Plaintiff

                                                By:_____
                                                  David S. Preminger (DP 1057)
                                                  Rosen Preminger & Bloom LLP
                                                  708 Third Avenue, Suite 1600
                                                  New York, New York 10017
                                                  (212) 682-1900