UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JOSEPH FISHER,

                            Plaintiff,

              - against -

THE PENN TRAFFIC COMPANY ET AL.,

                         Defendants.

**06 Civ. 5848 (HB)**

**OPINION & ORDER**

------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

       Joseph Fisher ("Fisher" or "Plaintiff"), has brought the instant action pursuant to §§ 502(a)(2) and (a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.A. §§ 1132(a)(2) and (a)(3) (West 2007).  Plaintiff alleges that his former employer, the Penn Traffic Company ("Penn Traffic" or the "Company"), members of the Board of Directors Byron E. Allumbaugh, Richard P. Brennan, Kevin P. Collins, James A. Demme, Matthew Glass, Robert Hockett, Richard D. Holihan and Peter L. Zurkow (collectively, the "Board"), and the Administrative Committee of the Plan, including member Bernadette Randall-Barber, (the "Committee") (collectively "Defendants") breached their fiduciary duty toward him in their refusal to pay a lump sum benefit as a participant in the Penn Traffic Cash Balance Pension Plan (the "Plan").  Defendants have moved to dismiss the case pursuant to Rule 12(b)(6) for failure to state a claim.  For the reasons set forth below, the motion to dismiss this claim is GRANTED.

## I.      FACTUAL BACKGROUND

       The following facts are taken from Plaintiff's Complaint as true for purposes of reviewing Defendants' motion to dismiss.  See Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).  Plaintiff is a former employee of Penn Traffic and "participant"[1] in their cash balance plan.  He resigned in early August 2003, and on August 15, 2003, pursuant to the terms of the Plan, filed an application for a lump sum retirement benefit.  Compl. ¶¶ 9-10.  On September 29, 2003, the Board passed a resolution to terminate the Plan, but continued to

---

[1] ERISA defines "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan."  29 U.S.C.A. § 1002 (7) (West 2007).  See Coan v. Kaufman, 457 F.3d 250, 255 (2d Cir. 2006) (discussing the parameters of "participant" standing).  The parties do not dispute Plaintiff's standing as a Plan "participant."

process and pay benefits to plan participants.  Id. ¶ 22.  The Plan's assets and liabilities were subsequently assumed by the Pension Benefit Guaranty Corporation ("PBGC").  Id. ¶ 25.  On October 17, 2003, the Committee informed Plaintiff that his request for a lump sum benefit payment was denied but that he was eligible to receive a monthly annuity.  Plaintiff declined to receive the monthly annuity.  Id. ¶ 11.

Thereafter, on July 31, 2006, Plaintiff filed the instant action and stated three claims for relief.  First, Plaintiff alleges that Defendants breached their fiduciary duties imposed by ERISA § 1104(a)(1) when it denied his application for a lump sum benefit (Id. ¶ 26-27) and seeks relief pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).  Second, premised on the same allegations, Plaintiff seeks relief under ERISA § 502(a)(3), 29 U.S.C § 1132(a)(3).  Third, Plaintiff alleges that Defendants Penn Traffic and its Board, when it denied his lump sum application, violated ERISA §§ 406 (b)(1) and (b)(2), 29 U.S.C. § 1106 (b)(1) and (b)(2) (Id. ¶¶ 26-27), and seeks relief under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C § 1132(a)(2) and (a)(3).  Plaintiff seeks monetary damages in the amount of his lump sum benefit (Id. at 8), a declaration that the Defendants breached its fiduciary duty and the amount of money to which he is entitled (Id. at 7), and attorneys fees and costs.  Id. at 8.

## II.      STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the movant must establish that the plaintiff has failed to "state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, this Court must construe all factual allegations in the complaint in favor of the non-moving party.  See Krimstock v. Kelly, 306 F.3d 40, 47-48 (2d Cir. 2002).  The Court's consideration is normally limited to facts alleged in the complaint, documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.  Allen, 945 F.2d at 44.  A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).

## III.      DISCUSSION

Defendants move to dismiss on the grounds that Plaintiff has failed to state a claim under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C.A. §§ 1132 (a)(2) and (a)(3) (West 2007) ("ERISA §§ 502(a)(2) and (a)(3)").

I will address each argument in turn.

A.    *Relief Under § 502(a)(2)*

It is well established that plan participants may bring actions against plan fiduciaries for breaches of fiduciary duty.  See ERISA §§ 409 and 502(a)(2); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985).  Plaintiff brings this action pursuant to ERISA § 502(a)(2), which authorizes four classes of party-plaintiffs—the Secretary of Labor, a participant, beneficiary, or fiduciary—to bring a civil action.  ERISA § 409 provides, in relevant part:

> (a) Any person who is a fiduciary with respect to a *plan* who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such *plan* any losses to the *plan* resulting from each such breach, and to restore to such *plan* any profits of such fiduciary which have been made through use of assets of the *plan* by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C.A. § 1109 ("ERISA § 409") (emphasis added).

In Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985), a beneficiary of an employee benefit plan filed a claim for improper processing of her disability benefits. Although Plaintiff was paid all of her benefits under the plan, she brought suit for extracontractual damages due to the injury she allegedly suffered from the plan administrator's improper refusal to pay her disability benefits.  The question presented to the Supreme Court was whether ERISA § 502(a)(2) allowed a plan fiduciary to be held personally liable to a plan participant or beneficiary for damages.  Justice Stevens, writing for a unanimous Court,[2] held that ERISA § 409, read in its entirety, refers to the relationship between the fiduciary and the plan, and more specifically, to the potential liability of the fiduciary to the plan.  Id. at 140.  In other words, the Court held that there is no private right of action for compensatory or punitive relief by an individual participant or beneficiary under ERISA § 502(a)(2).  Nor may the final phrase in the section ("shall be subject to such other equitable or remedial relief as the court may deem appropriate") be interpreted to enlarge that liability.[3]  Id. at 140-41.

Defendants maintain that the Supreme Court's decision in Russell bars Plaintiff's claim for individual benefits because he seeks damages for his benefit alone and fails to allege any loss

---

[2] Justice Brennan, joined by White, Marshall, and Blackmun, submitted a concurrence.

[3] In so ruling, the Court explicitly left open the question as to whether extracontractual damages were available under any other provision of ERISA, including § 502(a)(3).  Russell, 473 U.S. at 139, n.5.

to the plan. Plaintiff responds that <u>Russell</u> has been applied too broadly and ought not be operative in a case such as this where plaintiff seeks recovery of benefits from a plan.

Plaintiff contends that the holding in <u>Russell</u> is fact-specific, distinguishable, and should be limited to the proposition that *extracontractual damages* that inure to the benefit of the individual as opposed to the plan are not "equitable or remedial relief" as the language is used in § 502(a)(2). Pl.'s Mem. in Opp'n to Defs' Mot. to Dismiss at 8 ("What is clear from <u>Russell</u> is that the Court was drawing a distinction between a participant's right to sue for benefits, which the Court viewed as sacrosanct, and a participant's right to sue for extracontractual damages suffered because of a denial of benefits, the only issue before the Court.") In support of his position, Plaintiff points to Justice Brennan's concurrence which emphasizes that <u>Russell</u> "presents a single, narrow question: whether the § 409 'appropriate relief' referred to in § 502(a)(2) includes individual recovery by a participant or beneficiary of extracontractual damages for breach of fiduciary duty." <u>Russell</u>, 473 U.S. at 149 (Brennan, J., concurring). Further, Plaintiff argues (based on cannons of statutory construction) that had the Court in <u>Russell</u> properly construed the provisions at issue within ERISA's broader civil enforcement scheme as well as its overarching remedial purpose, it would have reached a different result.

While creative, Plaintiff's arguments cannot defeat the plain language in the statute and what we find in the legislative history of § 502(a)(2) (and § 409).[4] First, ERISA §§ 502(a)(2) and 409 authorize *plan* participants to bring suit in a representative capacity on behalf of the *plan*, against a fiduciary of the *plan* to remedy that fiduciary's mismanagement of the *plan's* assets, and restore to *such plan* those losses suffered by the *plan* as a whole. <u>See</u> <u>Russell</u>, 473 at 144 ("The entire text of § 409 persuades us that Congress did not intend that section to authorize any relief except for the plan itself."); <u>Coan v. Kaufman</u>, 457 F.3d 250, 257 (2d Cir. 2006) (stating that such claims for breach of fiduciary duty may not be made for individual relief but must be brought in a representative capacity on behalf of the plan) (quoting <u>Russell</u>, 473 U.S. at 142 n.9); and <u>Lee v. Burkhart</u>, 991 F.2d 1004, 1009 (2d Cir. 1993) (holding that <u>Russell</u> "bars plaintiffs from suing under § 502(a)(2) because plaintiffs are seeking benefits on their own behalf, not on behalf of the Plan.").

Further, the legislative history of ERISA §§ 409 and 502(a)(2) supports the position "that

---

[4] Plaintiff recognizes that even if this Court agrees with the proposition that the holding in <u>Russell</u> has been misapplied or was wrongly decided, it is "powerless to overrule it." Pl.'s Mem. in Opp'n to Defs' Mot. to Dismiss at 7 n.6.

actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole." Russell, 473 U.S. at 141 n.9. See, e.g., 120 CONG. REC. H29196-97 (1974). The legislative history "makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets and with remedies that would protect the entire plan, rather than the rights of an individual beneficiary." Russell, 473 U.S. at 141. Plaintiff in this case seeks relief under ERISA §§ 502(a)(2) and 409 for his own benefit and not in a representative capacity on behalf of the Plan, and therefore, he fails to state a cognizable claim under ERISA § 502(a)(2).

B.      *Relief Available Under § 502(a)(3)*

        The Supreme Court and this Circuit have also provided substantial guidance with respect to Plaintiff's second claim under ERISA § 502(a)(3). ERISA § 502(a)(3) provides that a civil action may be brought

>        by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C.A. § 1132 (West 2007).

        In Mertens v. Hewitt Assocs., 508 U.S. 248 (1993), the Court considered whether former employees could bring suit against the plan's actuary, a non-fiduciary, who they alleged knowingly participated in the fiduciary's breach of duty under ERISA § 502(a)(3). The plaintiffs argued that the non-fiduciary was liable to the plan under ERISA § 502(a)(3)(B) which provides for "other equitable relief." The Court found that plaintiffs did not "seek a remedy traditionally viewed as 'equitable,' such as injunction or restitution" but, instead, sought compensatory damages, nothing other than monetary relief." Mertens, 508 U.S. at 255. Accordingly, the Court held that ERISA § 502(a)(3) does not authorize suits for money damages against non-fiduciaries, at least not in a case like Mertens, and, by analogy, one might argue, to the case at bar. The Court went on to find that the term "equitable relief" as used in ERISA § 502(a)(3) refers to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." Id. at 256.

        More recently, Great-West Life & Annuity Insurance Company v. Knudson, 534 U.S. 204 (2002), again considered the issue. There, the plaintiff sought reimbursement for health care expenses from the defendant after she recovered in a tort action for the same incident. Her

recovery had been put in trust for her benefit.  The plaintiff contended that its suit for reimbursement was equitable because it was a claim for restitution.  However, the Court held that plaintiffs sought monetary relief which was not "typically available in equity."  Great-West, 534 U.S. at 210.  The Court drew a distinction between restitution in equity and restitution in law, and found that this suit fell on the legal side of the ledger.[5]

Most recently, the Supreme Court had occasion to address the question of equitable relief under ERISA § 502(a)(3), in Sereboff v. Mid Atlantic Medical Services, Inc., 126 S.Ct. 1869 (2006), a factually similar case to Mertens.  There, a unanimous court found that the suit should proceed because the request for restitution was for identifiable funds in the defendant's possession, and therefore fell on the equity side of the ledger. Sereboff, 126 S.Ct. at 1874.

Here, Defendants argue that Plaintiff is foreclosed from bringing suit under ERISA §502(a)(3)(B) because his request is one for *monetary damages—i.e.,* his lump sum payment— and thus, is not *equitable* relief.  Plaintiff, in response, points out that other courts have failed to give due weight to the fact that Mertens drew a distinction between fiduciaries and non-fiduciaries in determining whether relief was "legal" or "equitable."  According to Plaintiff, Mertens is distinguishable from the instant case because it involved a claim for compensatory damages against a non-fiduciary, and, therefore, should not be applied to this case.[6]

However, while the decisions may be interpreted to raise inconsistencies, they are as one with respect to the case at bar, *i.e.*, Fisher cannot cloak a legal claim for damages in equitable clothing.  ERISA § 502(a)(3) "only allows for *equitable relief*."  Great-West, 534 U.S. at 221 (emphasis in original).  Although Fisher requests declarations from this Court, the nature of such declarations is inherently legal.  See Compl. at 7 (praying for a judgment (1) "declaring that defendants. . .violated his/her fiduciary duties by failing to provide him with a lump sum benefit," and (2) "declaring the amount of the lump sum benefit to which Plaintiff is entitled").  Fisher, like the plaintiffs in Mertens and Great-West, seeks "nothing other than *compensatory*

[5] This distinction was not made in Mertens, whereas the Court referred to restitution as an equitable remedy.  Mertens, 508 U.S. at 255 ("[Petitioners] do not . . . seek a remedy traditionally viewed as 'equitable,' such as injunction or restitution.").
[6] In addition, Defendants argue that ERISA §502(a)(3)(A) is irrelevant in this case because Plaintiff does not seek an injunction, nor would an injunction be applicable in this case because none of the named Defendants are currently fiduciaries to the Plan (because PBGC has assumed the Plan's liabilities and assets).  However, Plaintiff does not request injunctive relief in this case, and, therefore the Court need not address this point.

*damages* -- monetary relief for all losses [he has] sustained as a result of [Defendants'] alleged breach of fiduciary duties." Mertens, 508 U.S. at 255 (emphasis in original).

The Second Circuit's recent decision in Coan v. Kaufman, 457 F.3d 250 (2d Cir. 2006), is dispositive. The Court held that irrespective of the party sued, Plaintiff must still show that the relief requested is of the sort typically available at equity. Id. at 264 ("But whether sought from a fiduciary or not, the type of relief a plaintiff requests must still be "equitable."). In other words, although breach of fiduciary duty is an equitable claim, Plaintiff must also demonstrate that the *nature of recovery* is equitable. Sereboff, 126 S.Ct. at 1874. Consequently, Plaintiff has failed to state a cognizable claim under ERISA § 502(a)(3).

## IV.    CONCLUSION

Since what Plaintiff seeks is *individual legal relief*—in this case, monetary damages—under ERISA §§ 502(a)(2) and 502(a)(3), which must be denied for the reasons stated above, the Complaint fails to state a claim, and, accordingly, the Defendants' Motion to Dismiss the Complaint is GRANTED.

The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**February 16, 2007**

U.S.D.J.

7